IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| KURT C. BALLENGER,<br><br>     Plaintiff,<br><br><br><br><br><br>          vs.<br><br><br>VIRGINIA BALLARD and JOE JOHNSON,<br><br>     Defendants. | MEMORANDUM DECISION AND ORDER DENYING PLAINTIFF'S MOTIONS FOR OFFICIAL SERVICE OF PROCESS AND TO APPOINT COUNSEL AND DISMISSING COMPLAINT<br><br><br><br><br>Case No. 2:05-CV-696 TS |

Plaintiff Kurt Ballenger is proceeding *pro se* and *in forma pauperis*.  He moves for official service of process and for appointment of an attorney.  Because Ballenger was granted permission to proceed *in forum pauperis*, the provisions of the *in forma pauperis* statute, § 1915,[1] are applicable.  Under §1915 the Court shall, at any time, *sua sponte* dismiss the case if the Court determines that the Complaint is frivolous or fails to state a

---

[1]28 U.S.C. § 1915.

claim upon which relief may be granted.[2]  A claim is frivolous if it "lacks an arguable basis either in law or in fact."[3]  The Court finds that the Complaint is not frivolous.

The court then reviews the Complaint to determine if it is sufficient to state a claim upon which relief can be granted.  In construing the Complaint, the court "presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff"[4] and will not dismiss a Complaint for failure to state a claim "unless it appears beyond doubt the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."[5]  But "conclusory allegations without supporting factual averments are" not sufficient.[6]

Because Ballenger proceeds *pro se,* the Court must construe his pleadings liberally and hold his submissions to a less stringent standard than formal pleadings drafted by lawyers.[7]  This means that "if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." [8]  No special legal training is

---

[2]28 U.S.C. § 1915(e)(2).

[3]*Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

[4]*Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991).

[5]*Id*. (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

[6]*Hall*, 935 F.2d at 1110.

[7]*Id*.

[8]*Id*.

2

required to recount facts surrounding an alleged injury, and *pro se* litigants must allege sufficient facts, on which a recognized legal claim could be based.[9]

A *pro se* plaintiff "whose factual allegations are close to stating a claim but are missing some important element that may not have occurred to him, should be allowed to amend his complaint."[10]   Thus, "*pro se* litigants are to be given reasonable opportunity to remedy the defects in their pleadings,"[11] and the Court should dismiss the claim "only where it is obvious that he cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend."[12]

Reading the complaint broadly, it appears to be alleging discrimination based upon a disability.  The Court will construe it as a claim under the Americans With Disabilities Act (ADA).  Although it is not entirely clear, it appears that the alleged disability is "OCD" or Obsessive Compulsive Disorder.

The only Defendants are two individuals who allegedly formerly supervised Ballenger's employment at a pizza restaurant.  It is clear that the "ADA precludes personal capacity suits against individuals who do not otherwise qualify as employers under the statutory definition."[13]   Thus, the Complaint fails to state a claim against Defendants.

This Court then looks to see if the *pro se* Plaintiff should be granted leave to amend.

---

[9]*Id*.

[10]*Id*. (citing *Reynoldson v. Shillinger*, 907 F.2d 124, 126-27 (10th Cir. 1990)).

[11]*Id*. at 1110 n. 3.

[12]*Perkins v. Kan. Dept. of Corr*., 165 F.3d 803, 806 (10th Cir. 1999).

[13]*Butler v. City of Prairie Village, Kan.,* 172 F.3d 736, 744 (10th Cir. 1999).

Even construing the Complaint broadly, the Court finds that the facts alleged by Ballenger fail to state a claim under the ADA.  "To qualify for relief under the ADA, a plaintiff must establish that: (1) [he] is a disabled person within the meaning of the ADA; (2) [he] is qualified to perform the essential functions of the job, with or without accommodation; and (3) the employer terminated [his] employment under circumstances which give rise to an inference that the termination was based on [his] disability."[14]  "An employee cannot state a cause of action for disability discrimination when [his] employer terminated [him] for reasons unrelated to a disability."[15]  To establish the necessary "causal connection" Ballenger "must provide some evidence that [his] disability was a determining factor" in his employer's decision to terminate him.[16]

In his Complaint, Ballenger generally alleges that he was continually disciplined for slowness, tardiness, missing work, and not having a food handler's permit.  The reasons he alleges for the tardiness, missing work, and not having the permit are not disability related.[17]  Instead they range from late buses to needing to miss work to attend court-ordered mandatory urine analysis (UA) tests.

---

[14]*Bones v. Honeywell Intern., Inc.* 366 F.3d 869, 878 (10th Cir. 2004).

[15]*Id*.

[16]*Id.*

[17]There is an allegation of only one occasion upon which he missed work due to his alleged disability. Complaint Attachment at 5. He alleges that when he told the supervisor he had left work due to an anxiety attack the response was "OK, we'll see ya tomorrow, on time." *Id.*   He does not allege he incurred any adverse employment action resulted from this incident and therefore there is no causal connection shown.

Ballenger alleges that his supervisor repeatedly complained to him that he was too slow when he allegedly could not work faster due to OCD. He alleges that two or three times he called the company's corporate or franchise office and complained to representatives that his direct supervisor was harassing him or treating him differently and that they clashed. He alleges he also told them that his supervisor compared his work unfavorably to the company's other employees with disabilities. He alleges that each time he complained, the corporate or franchise representatives promptly offered him a transfer to another location. His supervisor also offered a transfer as a possible solution to his missing work for the UAs. But Ballenger alleges that he declined all such offers of transfers. More importantly, he does not allege that he was terminated based on any disability-caused problems at work.

Thus, even if Ballenger did allege the other elements of a prima facie ADA claim, which the Court finds he does not, his ADA claim fails as a matter of law because his allegations do not establish that his termination was based on his alleged disability. Instead, his allegations are that he was sent home and taken off the future schedule because he still did not have the required food handler's permit. Over a week later, when he went in to pick up his paycheck his supervisor told him that because he had not called in while he was off the schedule, the company took his lack of communication as a resignation and, as a result, he no longer had a job.

These facts simply do not allege a claim under the ADA. Plaintiff does not allege that the reason for his discharge was the result of anything but the lack of his having a required permit and failing to communicate with his employer while he was off work for not

having the permit.  These allegations do not raise an inference that the termination was based on his disability.  Accordingly, the Court finds it would be futile to allow him to amend his complaint to name his actual employer as a defendant.

It is therefore

ORDERED that Plaintiff's Motion for Appointment of Counsel (Docket No. 9) is DENIED.  It is further

ORDERED that Plaintiff's Motion for Official Service of Process (Docket No. 8) is DENIED.  It is further

ORDERED that the Complaint is DISMISSED with prejudice for the failure to state a claim upon which relief can be granted.  It is further

ORDERED that the clerk of court shall enter judgment dismissing all claims against defendants with prejudice and close this case.

DATED November 4, 2005.

BY THE COURT:

_____
TED STEWART
United States District Judge